IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICO BADEN,

    Plaintiff,

v.

WARDEN RICHARD DOVEY,
CORPORAL STUART CLEVER,
CHRISTOPHER LEVAN,

    Defendants.

Civil Action No.: PX-17-3454

**MEMORANDUM OPINION**

Plaintiff Rico Baden filed this civil rights complaint in which he contends that he was the victim of correctional officers' excessive use of force while housed at the Maryland Correctional Training Center (MCTC).[1] Baden also alleges he is the subject of retaliation after filing suit in an earlier, unrelated case. ECF No. 1. Defendants Warden Dovey and Corporal Clever move to dismiss or alternatively for summary judgment as to the first use of force incident. ECF No. 15. As to the second incident, Defendant Christopher Levan had resigned from MCTC as of April 1, 2018, so service of process for him was refused.[2] *See* ECF No. 13.

The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, Defendants' motion, construed as one for summary judgment, is granted as to the first incident alleged in the Complaint. The matter remains open regarding claims against Defendant Levan. Counsel for Defendants shall provide the Court

---

[1]     Since filing suit, Baden was transferred to North Branch Correctional Institution. ECF No. 14. The Clerk is directed to correct the docket to reflect Baden's current address.

[2]     Officer Levan's name was misspelled in the Complaint. *See* ECF No. 15-7 at p. 6. The Clerk is directed to correct the spelling of Defendant's name and to otherwise correct the remaining Defendants' names as indicated in the heading of this opinion.

the last known address for Defendant Levan under seal so that service of the complaint may be effectuated on Levan.

**I.      Background**

The following facts are pertinent to resolving the current motion and are construed most favorably to Baden. On October 24, 2017, Baden complained that his food included a hair in it. ECF No. 1 at p. 4; ECF No. 15-5 at p. 4. Baden contends that he told Clever about the problem with his food, and that Clever responded, "Eat the hairy food or you don't eat at all!" *Id*. Clever, and another officer, Henderson, entered the cell to inspect the tray. Clever contends that Baden threw the food tray at him. In response, Baden was restrained and a chemical agent was deployed by way of an "OC Fogger." ECF No. 15-5 at p. 4. Baden characterizes the restraint as an assault during which time he was punched and kicked, thereby making it difficult for him to breathe.

Once restrained, Baden received treatment for exposure to the OC spray. *Id*. ECF No. 15-5 at p. 13. After he was examined by medical staff, Baden claims he was again assaulted, this time by Officer Levan and another officer who only identified himself as "Tattoo."[3] *Id*. Baden maintains that these officers slammed his head on the concrete walkway in front of the medical building after he had asked them to stop pulling his arms in an "awkward and painful position." *Id*.

Photographs of Baden taken after the incident involving Clever show no obvious injuries but with a large stain on the front left leg of his pants. ECF No. 15-5 at p. 19. Baden requested to see a nurse "for [his] back." ECF No. 15-6 at p. 2. The examining nurse noted that Baden was walking with a steady gait and was "in no acute distress." *Id*. Examination of Baden's back was unremarkable. *Id*. The nurse also recorded that Baden did not complain of pain.

---

[3]     Records submitted in connection with the motion identify the two officers who escorted Baden from the medical unit as Christopher Levan and James Crites. ECF No. 15-7 at p. 6.

As a result of this incident, Baden was charged with a violation of disciplinary rule 101, which prohibits assaulting a correctional officer. ECF No. 15-3 at p. 4. At a disciplinary hearing held on January 29, 2018, Baden admitted guilt to the charge and was sentenced to 180 days of segregation, revocation of 120 days of good conduct time, and indefinite loss of visitation. *Id*. at p. 9. Baden's adjustment history is noted as poor in an explanatory remark for the penalties imposed. *Id*. at p. 10, *see also* p. 3 (adjustment history). A related investigation found that Baden had assaulted Clever, but Clever declined to press charges. ECF No. 15-7 at pp. 2-5.

As to the retaliation claim, Baden maintains that after he had filed a separate civil rights suit in this Court (Civil Action PX-17-2964), he was denied recreation, was served inedible food, suffered verbal and physical abuse, had his mail withheld, and was denied recreational time. *Id.* He alleges that these events have caused him to suffer from insomnia, physical and mental stress, and post-traumatic stress disorder (PTSD). *Id.*

## II.     Standard of Review

Because the parties have submitted evidence outside the four corners of the Complaint and have been given reasonable opportunity to present all pertinent material, the Court will treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, rendering the movant entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(d). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "The party opposing a properly supported motion for

summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court must view the evidence in the light most favorable to the non-movant without weighing the evidence or assessing witness credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002). Factually unsupported claims and defenses may not proceed to trial. *Bouchat,* 346 F.3d at 526.

## III. Analysis

### A. Excessive Force Claim

To sustain his excessive force claim, Baden must demonstrate that the force Clever used was not applied as a "good-faith effort to maintain or restore discipline," but rather was imposed "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). In assessing whether Baden has generated sufficient evidence to survive summary judgment, the Court considers the need for application of force; the relationship between that need and the degree of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive; if force is applied maliciously and sadistically, then liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. at 38. Deployment of a chemical agent "in quantities greater than necessary or for the sole purpose of infliction of pain," constitutes excessive use of force. *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (emphasis omitted). *See also McCargo v. Mister*, 462 F. Supp. 813, 818 (D.Md.1978).

4

The undisputed facts in this case establish that Officer Clever deployed a single burst of chemical agent after Baden threw his tray in Clever's direction. Notably, Baden has already admitted in prison disciplinary proceedings to having assaulted Clever during this confrontation. On this record, no factfinder could conclude that Officer Clever, tasked with maintaining order and staving off assaultive inmates, used a single burst of OC spray excessively and to inflict pain sadistically or maliciously. Summary judgment is granted on this theory of liability.

Baden also alleges in the Complaint that several officers stormed his cell and assaulted both his cellmate and him. However, the record evidence does not, in any way, support these bare allegations. Multiple reports from different sources note only two named officers on the scene – Henderson and Clever -- and that no further force was used after Baden was pepper sprayed. Nor do Baden's medical records regarding his treatment after the incident reflect any injuries consistent with multiple officers storming the cell and attacking him. The record, which Baden submitted to this Court, reflects no wounds, pain, or swelling to his body that would consistent a physical attack of this severity. ECF No 24-1, p. 2-3.[4] Accordingly, when viewing the record most favorably to Baden, he his naked allegation, without more, is insufficient to survive summary judgment.

**B.      Retaliation Claim**

Baden also contends that he suffered retaliation for filing a previous lawsuit in which he challenged an unrelated incident of sexual and physical assault at the facility. Baden is correct that "prison officials may not retaliate against prisoners for exercising their right to access the courts," *Booker v. S.C. Dep't of Corr.,* 855 F.3d 533, 544 (4th Cir. 2017), *Hudspeth v. Figgins,* 584 F.2d 1345, 1348 (4th Cir. 1978); see also *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct.

---

[4] Baden identifies on the medical records which treatment notes pertain to each of the two separate assault incidents. ECF No. 24-1. In contrast to Baden's interaction with Clever, the incident involving Levan reflects that Baden sustained wounds to his left foot, knee, shoulder and head. *Id.* pp. 5-6. The Court expects that these records will be relevant to the claims against Levan.

5

3194, 82 L.Ed.2d 393 (1984) (recognizing First Amendment right to petition for redress of grievances). However, the claim fails for a more fundamental reason. Baden has not marshalled facts to support his bare allegation that he was subject to retaliation on account of his filing the prior lawsuit. Although Baden lists array of adverse actions visited on him, which he may sincerely believe were linked to the earlier lawsuit, Baden does not allege any facts to support that such adversity befell him because he had filed a previous suit. Additionally, Baden offers no facts to support that the Defendants named in this suit participated, directly or indirectly, in such retaliatory acts or that they even knew of the prior lawsuit. Accordingly, Defendants motion must be granted as on this claim.

**C.     Warden Dovey**

Although Warden Dovey is named as a defendant, the Complaint attributes no specific acts or omissions to him. Baden contends in his response that Dovey knows the corrections officers bring overblown disciplinary rule violations against inmates. ECF No. 24 at p. 5. Baden further contends that in his specific case, he only admitted guilt to his disciplinary infractions to avoid a lengthier penalty and did not appeal the prison disciplinary decision to Dovey, as Warden, because Baden knew that Dovey would not change the outcome. *Id*. Baden seems to suggest that he was deprived of sufficient process at his prison disciplinary proceedings.

The Court notes that even giving the Complaint a generous construction, Baden did not bring a due process violation and so it is not properly before the Court. *See Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May 11, 2015). However, even if it were, Baden has offered no facts to support that such institutional "over charging" occurs other than Baden's characterization of the prison disciplinary system as "biased." Similarly, Baden has offered no facts to support Dovey's involvement in the asserted denial of

Baden's due process rights during the administrative proceedings. Thus, the claims raised in Baden's response, even if considered, fail as a matter of law.

## IV. Conclusion

Defendants' motion, construed as one for summary judgment, is granted as to Defendants Clever and Dovey. As for Defendant Christopher Levan, Counsel for the Division of Correction is directed to file under seal the last known home address for Levan, and the Complaint shall be served on Levan as set forth in the Order.

| | |
|---|---|
| 7/12/19 | /S/ |
| Date | Paula Xinis<br>United States District Judge |